Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

_Houston_ Division

United States Courts
Southern District of Texas
F I L E D

AUG 1 6 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Shaun Lee Babineaux | ) | Case No. _____ |
| | ) | |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)*  ☐ Yes  ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| | ) | |
| Aldine ISD, Aldine AFT, Gerald Schattle, Sandra | ) | |
| Mader, Christopher Walker, Dr. Keena Bradley, | ) | |
| Thomas Marschall, and see attached | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shaun Lee Babineaux |
| Street Address | 5105 North Loop East |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77026 |
| Telephone Number | 713-384-2419 |
| E-mail Address | SBabineauxAldineISD@gmail.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                              Please see attached

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                              Please see attached

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                              Please see attached

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                              Please see attached

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.     Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Aldine Independent School District |
| Street Address | 2520 W.W. THORNE BLVD |
| City and County | HOUSTON, HARRIS |
| State and Zip Code | TEXAS, 77073 |
| Telephone Number | (281) 449-1011 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:



☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Other federal law *(specify the federal law)*:

Title IX 20 U.S.C. §§ 1681–1688, see attached

☑     Relevant state law *(specify, if known)*:

Texas Whistleblower Act Chapter 554 of the Texas Government Code, see attached

☑     Relevant city or county law *(specify, if known)*:

Texas Education Code (§ 12.1056 and § 22.0512), see attached

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☑ Failure to hire me.
- ☐ Termination of my employment.
- ☑ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:   Failure to Investigate Complaints, Discriminatory Discipline

    *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

School Year 2022-2023 and School year 2023-2024.

C.  I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race  African American
- ☑ color  Fair skinned - brown
- ☑ gender/sex  Female
- ☑ religion  Jewish
- ☐ national origin
- ☑ age *(year of birth)*  1981  *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

    Anxiety and dyslexic

E.  The facts of my case are as follows. Attach additional pages if needed.

I faced retaliation both on campus and within the school district after reporting harassment, intimidation, and other offensive conduct that impacted both my students and me as their teacher. The issues I reported included, but were not limited to, sexual harassment, bullying, and derogatory comments directed at me and my cheer team, along with other serious behaviors that were tolerated and ignored by the administration and district leadership. Although the educators' union was notified and the president attended a meeting, where she stated that she would initiate an investigation or file a grievance on my behalf, no such action was ever taken. Additionally, the school board has yet to investigate these claims or hold anyone accountable for the mistreatment. Please see attached.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

02/20/2024 Original charge date. Amended charge 06-06-2024

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)*    05/20/2024    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Under the Texas Tort Claims Act, I am pursuing the maximum compensation for each incident involving federal violations under Title IX for gender discrimination and Title VII for employment discrimination, specifically in retaliation for reporting misconduct. I am seeking $500,000 in compensatory damages from Aldine ISD for the actions of their employees, and an additional $500,000 from the Aldine AFT Educator Union for the Union President's failure to fulfill her duty to advocate on my behalf as a teacher. Furthermore, I request that all individuals involved be held personally liable and ordered to pay $100,000 in punitive damages for acting outside the scope of their employment and engaging in willful misconduct, which was grossly negligent and intentionally harmful.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        08/16/2024

Signature of Plaintiff

Printed Name of Plaintiff        Shaun Lee Babineaux

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/20/2024

**To:** Miss Shaunlee Babineaux
5105 North Loop East
Houston, TX 77026
Charge No: 460-2023-04622

EEOC Representative and email:     CARINE JEAN-MARIE
EEO Investigator
carine.jean-marie@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because the facts alleged in the charge fail to state a claim under any of the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2023-04622.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
05/20/2024
Rayford O. Irvin
District Director

**Cc:**
Gerald Schattle
2520 W.W Thorne Blvd
Houston, TX 77073

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2023-04622 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2023-04622 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CHARGE OF DISCRIMINATION

EEOC Form 5A (October 2017)

For Official Use Only – Charge Number:

| | |
|---|---|
| **Personal Information** | First Name: Shaun   MI: Lee   Last Name: Babineaux<br>Address: 5105 North Loop East   Apt.:<br>City: Houston   County: Harris   State: TX   Zip Code: 77026<br>Phone: 713-384-0419   Home ☐   Work ☐   Cell ☒   Email: ShaunLeeBabineaux2page@gmail.com |
| **Who do you think discriminated against you?** | Employer ☐   Union ☐   Employment Agency ☐   Other Organization ☒<br>Organization Name: Gerald Schattle - Teague Middle School<br>Address: 2520 W.W. Thorne Blvd (Aldine ISD)   Suite:<br>City: Houston   State: TX   Zip Code: 77073   Phone: 281-985-1021 |
| **Why you think you were discriminated against?** | Race ☐   Color ☐   Religion ☐   Sex ☒   National Origin ☐   Age ☒<br>Disability ☐   Genetic Information ☐   Retaliation ☒   Other ☒ (specify) Gender Equality |
| **What happened to you that you think was discriminatory?** | Date of most recent job action you think was discriminatory: April 27, 2023<br>Also describe briefly each job action you think was discriminatory and when it happened (estimate).<br><br>Throughout the 2022-2023 school year at Teague Middle School, I endured persistent sexual and verbal harassment from coworkers, involving inappropriate discussions about "specific body parts" and remarks about my "youthful" appearance. Additionally, the Cheer & Spirit team, which I led, faced harassment, intimidation, and various forms of abuse from both coworkers and students. The integrity of the Cheer Program was compromised when another coach falsely informed a cheer candidate's parent that their child was not selected for the team, despite being chosen for the SY 2023-2024 season. Upon reporting abusive activities towards the Cheer Team and myself, including incidents of vandalism, targeted fights, and disturbing occurrences on game days, to the district, I was unjustly removed from my position as Head Cheer Coach. Despite addressing all grievances, only one out of five were partially addressed in a Zoom Conference, with none of the witnesses contacted. I was compelled to attend a meeting where the building Principal and a District Leader restricted my access to walk to my classroom, as I declined a conflicting meeting with the Director of HR during my removal as Head Cheer Coach. During the April 2023 STAAR testing, the building principal instructed another teacher and me to violate state compliance by changing students' passwords. On the same day, a false accusation was made against me to justify a student slapping my hand, attempting to avoid consequences for having their phone taken during STAAR testing. The building principal sought to manipulate the campus officer to share her report and provided a conflicting account of the incident. The building Principal consistently engaged in verbal abuse, publicly yelling at me, employing intimidation tactics, and cultivating a hostile work environment that allowed other coworkers and contractors to participate without consequence. Despite applying for promotions within the school district, I have not been considered for highly qualified positions either on campus or within the district. The overall work environment at Teague Middle School has been persistently hostile, with coworkers (teachers, paraprofessionals) and students engaging in bullying and harassment almost daily during the SY 2022-2023 and Fall 2023. |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br>Signature: S. Babineaux   Date: 02/29/24 |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**CHARGE OF DISCRIMINATION (Form 5A)**
**INSTRUCTION SHEET**

| This Instruction Sheet explains how to complete your charge of discrimination | |
|---|---|
| **What is the EEOC Charge of Discrimination (Form 5A)?** | The EEOC Charge of Discrimination (Form 5A) is a signed document that includes the basis for your claim of employment discrimination, the circumstances of your claim, the name and address of the employer or organization you believe discriminated against you, and a request that the EEOC take action on your claim of employment discrimination. |
| **Why is the EEOC Charge of Discrimination (Form 5A) attached to the EEOC Pre-Charge Inquiry?** | You must file a charge of job discrimination within 180 days from the day you knew the discrimination occurred, or within 300 days if the employer is located where a State or local government agency enforces employment discrimination laws on the same basis as the laws enforced by the EEOC. The time limits for state laws may differ from federal laws. You can find information about the time limits in your state by following the link to the EEOC office in your area (http://www.eeoc.gov/field/index.cfm) and then viewing the office's information on the timeliness rules for your state or locality and type of claim. If you do not file a charge of discrimination within the time limits, you will lose your rights. For more information about the time limits, go to http://www.eeoc.gov/employees/timeliness.cfm. |
| **What do I need to know about completing the Charge of Discrimination (Form 5A)?** | The EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination. |
| | Your charge should consist of a clear and brief statement of the facts about the alleged unlawful employment action(s), including the date(s) of each employment action taken against you. |
| | FOR EXAMPLE: |
| | • "On July 1, 2017, I was denied an accommodation I needed to perform my job"; |
| | • "On July 1, 2017, I was fired because I was pregnant"; |
| | • "On July 1, 2017, I was laid off because of my age." |
| | If you hand-write your charge, it must be legible. |
| **What happens next?** | When we receive your charge, EEOC staff will evaluate your claims to determine if EEOC will ask for additional information or close the charge. EEOC staff will then attempt to contact you to discuss your claims. We will provide more information about the charge process when we talk to you. If you have not heard from us in 30 days, please call the office on the cover letter. Please keep this Instruction Sheet and the Cover Letter for your records. Please also keep copies of your completed Charge of Discrimination (Form 5A) and your completed EEOC Pre-Charge Inquiry (Form 290A) for your records. |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5A, Charge of Discrimination, Issued October 2017.

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL
WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of rights under the Act.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ EEOC ☐ FEPA | 460-2023-04622 |

Texas Workforce Commission Civil Rights Division          and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Miss Shaunlee Babineaux | (713) 384-2419 | 1981 |

Street Address
5105 North Loop East
Houston, TX 77026

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Aldine ISD - Teague Middle School | 15 - 100 Employees | |

Street Address
2520 W.W. Thorne Blvd
Houston, TX 77073

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Age, Other, Retaliation, Sex | Earliest 08/22/2022   Latest 04/27/2023 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*
Please review the attach sheet.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date 6/6/2024   Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT. Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## Summary of Experiences with Aldine ISD at Teague Middle School and Hoffman Middle School

At Teague Middle School during the 2022-2023 school year, I faced continuous retaliation for reporting various forms of harassment from coworkers who openly discussed my body, with no investigation from the school district. My Cheer & Spirit team and I experienced harassment, intimidation, and abuse from other staff and students. The Cheer Program was sabotaged by another coach, leading to false evaluations and my removal as Head Cheer Coach after I turned in five (5) grievances to the district. Despite reporting these incidents, only one out of five grievances were partially addressed in a brief Zoom meeting, with my witnesses ignored. I was forced into conflicting meetings, where I was physically blocked in the hallway by the building principal and other school leader, and forced to take a meeting I declined. I was wrongly accused during STAAR testing of not following protocol, and subjected to being yelled at by the building principal in front of my peers. Despite applying for promotions and other opportunities within the school district, I was repeatedly overlooked, giving vague excuses, which contributing to a hostile work environment.

After being transferred to Hoffman Middle School for the Spring 2024 school semester, retaliation from the district continued. I was denied more job opportunities and barred from applying for new positions within the district by my password credentials being denied and never fixed. Coworkers at the new campus cited "things from Teague Middle School" following me, leading to further mistreatment and shunning on the campus at Hoffman MS. My complaints to the building principal went unaddressed on new occurrences. In May 2024, the Executive HR Director acknowledged "unprofessional behaviors" but did not validate my claims or update me on my grievances. Additionally, I was forced to release a student without proper verification and had personal items taken from my cart, with my requests to review security footage ignored.

Throughout this period, Gerald Schattle's exhibited similar abusive behaviors towards another black women in the district (at Teague MS) during Spring 2024 semester, including blocking a teacher from leaving a room, mirroring his actions towards me in April 2023. Despite this, he was promoted to lead another department within the school district. The overt and covert retaliation against me for reporting in good faith has been persistent, impacting my professional opportunities and creating an ongoing hostile work environment not matter where I am placed.

I believe I was discriminated against by being subjected to retaliation, violating Title VII of the Civil Rights Act of 1964, as amended.

6/6/2024            SHBobineaux

Defendant No. 1
Name Aldine ISD
Job or Title General Counsel
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address kdewalt@aldineisd.org


Defendant No. 2
Nàme Aldine AFT – Candis Houston
Job or Title Educator Union President
Street Address 1404 N. Sam Houston Pkwy E
City and County Houston, Harris
State and Zip Code Texas, 77072-2967
Telephone Number 281-847-3050
E-mail Address contactus@aldineaft.org

Defendant No. 3
Name Gerald Schattle (Individually and in official capacity)
Job or Title Former Building Principal of Teague Middle School SY 22-23, 23-24, Director of Transportation West – A
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address gwschattle@aldine-isd.org


Defendant No. 4
Name Sandra Mader (Individually and in official capacity)
Job or Title Director Of Athletic Services – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address ssmader@aldineisd.org

Defendant No. 5
Name Dr. Keena Bradley (Individually and in official capacity)
Job or Title Executive Director of Employee Relations – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address kmsims-bradley@aldineisd.org


Defendant No. 6
Name Christopher Walker (Individually and in official capacity)
Job or Title Director of Student Recovery – Aldine ISD SY22-23,
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address cjwalker@aldineisd.org


Defendant No. 7
Name Thomas Marschall (Individually and in official capacity)
Job or Title Athletic Coordinator and head coach at Teague Middle School – Aldine ISD SY 22-23, 23-24
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
Job or Title tomarschall@aldineisd.org

Defendant No. 8
Name Dr. Marcie Strahan (Individually and in official capacity)
Job or Title Executive Director Of Social And Emotional Learning And Culture – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address MDStrahan@aldineisd.org

Defendant No. 9
Name Kendra Willnitz (Individually and in official capacity)
Job or Title Human Resources Investigator – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address kwellnitz@aldineisd.org


Defendant No. 10
Name Dr. Ronique Wilson (Individually and in official capacity)
Job or Title Director of Social And Emotional Learning And Culture – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address rgwilson@aldineisd.org

Defendant No. 11
Name Lanetta Callicutt (Individually and in official capacity)
Job or Title CTE teacher and CTE Department lead Teague Middle School – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address lcallicutt@aldineisd.org


Defendant No. 12
Name Dr. Javier Villarreal (Individually and in official capacity)
Job or Title Former Title IX Coordinator SY 22-23, Chief of Schools – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address jovillarreal@aldineisd.org

Defendant No. 13
Name Xzavier Bloodsaw (Individually and in official capacity)
Job or Title Assistant Principal of Teague Middle School – Aldine ISD SY 22-23, 23-24
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address xabloodsaw@aldineisd.org


Defendant No. 14
Name Latash Glenn (Individually and in official capacity)
Job or Title Assistant Principal of Teague Middle School – Aldine ISD SY 22-23
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address lglenn@aldineisd.org


Defendant No. 15
Name Dr. Neelam Singh (Individually and in official capacity)
Job or Title Assistant Principal of Teague Middle School – Aldine ISD SY 22-23, 23-24
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address nsingh@aldineisd.org


Defendant No. 16
Name Nancy Blackwell (Individually and in official capacity)
Job or Title Mr. Schattle's leadership mentor SY 23-24 Teague Middle School – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address nablackwell@aldineisd.org

Defendant No. 17
Name Coquice Moffet (Individually and in official capacity)
Job or Title Teacher and Girls Basketball coach SY 22-23 Teague Middle School – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address cmmoffett@aldineisd.org

Defendant No. 18
Name Aiden Bice (Individually and in official capacity)
Job or Title Social Studies Teacher SY 22-23 and Instructional Coach SY 23-24 Teague Middle School – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address APBice@aldineisd.org

Defendant No. 19
Name Janelle Crump (Individually and in official capacity)
Job or Title Science Teacher SY 22-23 and Instructional Coach and Fun Committee Chair SY 23-24 Teague Middle Sc
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address JNCrumpMcclain@aldineisd.org

Defendant No. 20
Name Janet Scott-Carrier (Individually and in official capacity)
Job or Title Teacher and Girls Track and Soccer coach SY 22-23, 23-24 Teague Middle School – Aldine ISD
Street Address 2520 W.W. Throne Blvd
City and County Houston, Harris
State and Zip Code Texas, 77073
Telephone Number 281-449-1011
E-mail Address jvscott-carrier@aldineisd.org

## Statement of Claims

I am writing to formally outline my claims following the receipt of a Right-to-Sue letter from the EEOC regarding my employment at Teague Middle School within the Aldine Independent School District. The basis of my claim is retaliation experienced after I reported multiple instances of harassment, intimidation, and offensive conduct affecting both my students and myself. These issues include, but are not limited to, sexual harassment, bullying, and derogatory comments directed towards me and my cheer team. Additionally, severe behaviors were tolerated and unaddressed by the administration, creating a hostile environment.

## Summary of Discriminatory Actions:

1. **Harassment and Intimidation**: Offensive jokes and comments about my body, including remarks on my age and appearance, were made by students and staff. Sexual slurs and derogatory names were directed at me and my cheer team, including terms like "bitches," "hoes," and "sluts." Physical threats and intimidation were used to undermine my job security, particularly when the building principal, Gerald Schattle, threatened me in front of parents, students, and staff.
2. **Unaddressed Misconduct**: Items were thrown at me and my cheer team by the girls' basketball team, with the female coach allowing this behavior. The boys' basketball team and coaches permitted players to make fun of and call the cheerleaders derogatory names, and explicit music was played during games where my team was performing. These actions contributed to a hostile work environment.
3. **Retaliation**: After reporting these incidents to Principal Schattle and various executive leaders, including the school board, no corrective actions were taken. Instead, I faced increased retaliation, which included my removal as head coach of the cheer team and an eventual transfer to a failing school slated for closure. Attempts to seek justice through the school district's grievance process and appeals to the school board and HR were ignored, leaving me unsupported and without resolution.
4. **Discriminatory Treatment**: The following actions against me and my students highlight the systemic issues within the district:
    - **Ridicule and Mockery**: My students and I were ridiculed by coworkers and students, with my cheer team being targeted for fights and bullying.
    - **Vandalism and Theft**: My classroom and cheer team belongings, including federally funded items, were vandalized and stolen.
    - **Inappropriate Staff Behavior**: Staff members engaged in unprofessional conduct, including making inappropriate comments and stealing cheerleader's food.
    - **Job Denials and Obstruction**: I was denied job opportunities and restricted from applying for other positions within the district. My access to the employment portal was revoked, and jobs I applied for were reposted after rejection.
    - **Sabotage and Harassment**: The CTE department lead and other staff engaged in behaviors intended to sabotage my work and undermine my effectiveness. The principal's mentor harassed me and my students, and false accusations were made against me.

## Aldine AFT Educator Union President's Failure to Act:

The union president's failure to file a grievance on my behalf, despite stating intentions to do so, constitutes a serious infringement on my rights as a member. This inaction represents a breach of the president's duty to advocate for me, potentially due to a conflict of interest of formally working with the building principal at a different school and often made statements about their personal friendship in staff meetings. This lapse undermines the trust and effectiveness of the union's representation.

## Facts of the case:

## Discriminatory Actions Against the Teacher/Cheer Coach and Cheer Team:

1. **Offensive Jokes and Comments:** Repeated derogatory comments were made about my physical appearance, particularly about having a Brazilian Butt Lift (BBL), and my age, suggesting that my attempts to maintain a youthful appearance were unseemly. These remarks were not only inappropriate but also targeted me based on my gender and age, contributing to a hostile work environment. Despite reporting these incidents, no corrective actions were taken by the administration.

2. **Sexual Slurs and Derogatory Names:** Both my cheer team and I were subjected to degrading language, including being called "bitches," "hoes," "sluts," and "thots." This kind of verbal abuse is a clear form of gender-based discrimination. Despite the severity of these accusations, the administration failed to address or rectify the situation, allowing the harassment to continue unchecked.

3. **Physical Threats and Job Intimidation:** The building principal openly threatened my job security in front of parents, students, and another staff member, stating that I would need my union representative. This threat was a direct retaliation for the concerns raised by the cheer parents and demonstrates the administration's attempt to silence me through intimidation. Despite my grievances, no action was taken to address these threats.

4. **Ridicule and Mockery:** I was subjected to ridicule by both coworkers and students, which undermined my authority as a teacher. My cheer team was specifically targeted for bullying, including attempts to provoke them into fights that would result in their removal from the team. This deliberate targeting fostered a discriminatory environment, yet the administration failed to intervene or protect my students and me.

5. **Vandalism and Theft:** My classroom and the cheer team's belongings were vandalized and items were stolen, including federally funded supplies. The administration's refusal to replace these stolen items, apart from five pom-poms, reflects a lack of concern for the safety and well-being of my students and me. The incident where an assistant principal allowed unauthorized access to the cheer classroom exacerbates the discriminatory environment.

6. **Inappropriate Behavior by Staff:** A paraprofessional inappropriately questioned students about my body parts, comparing my butt to his, and asking the students to judge. Additionally, staff members stole food and drinks intended for the cheerleaders and distributed them among themselves. They encouraged students that were not in my class or on the cheer team to destroy my classroom when I was out sick. These actions were demeaning and unprofessional, yet the administration did nothing to address this behavior or protect my dignity as an educator.

7. **Continuous Retaliation:** After filing five grievances with the district on many occurrences, I faced ongoing retaliation, including being removed from my coaching position based on a fabricated evaluation. My cheer team was unfairly restricted from participating in two games a week and was denied the opportunity to cheer at halftime. The newly appointed cheer coach (who is younger than me) weaponized me to the cheer team to force them to practice. Despite these clear retaliatory actions, the district took no steps to protect me or my students.

8. **Denied Job Opportunities:** Despite being qualified, I was denied job opportunities within the school district. The principal even admitted that he was interviewing me only for "practice," for a position I was interested in on campus without reviewing my credentials. This blatant disregard for my qualifications was discriminatory and further evidence of the administration's intent to undermine my career.

9. **Restricted Employment Access:** After being forced to move to a low-performing campus slated for closure, my access to the district's employment portal was restricted, preventing me from applying for leadership opportunities or transfers. This action was clearly intended to hinder my professional growth and isolate me within the district.

10. **Job Applications Reposted:** Positions I applied for were reposted after I was rejected, showing a deliberate effort to exclude me from advancement opportunities within the district. This pattern of behavior is discriminatory and demonstrates the administration's bias against me.

11. **Forced Relocation:** I was moved to a campus that is scheduled for closure, further isolating me and limiting my professional opportunities. This relocation was clearly retaliatory and discriminatory, intended to marginalize me within the district.

12. **Hindered Professional Recognition:** My ability to earn state compensation based on student growth was obstructed when I was told that I had to move to another campus to get relief from the ongoing attacks from coworkers and administration, and I was denied credit for my students' progress. This action not only harmed my professional reputation but also financially penalized me for my effective teaching.

13. **Sabotage by Department Lead:** The CTE department lead refused to assist me, spoke against me in front of students and staff, and encouraged students to skip my classes. This sabotage was deliberate and aimed at undermining my performance, yet the administration failed to intervene or support me.

14. **Harassment by Principal's Mentor:** The principal's mentor harassed me and my students, conducted intimidating classroom evaluations, and made inappropriate comments about my appearance. Despite multiple complaints, these actions were never addressed, and the mentor was allowed to continue targeting me.

15. **Mockery for Speaking to School Board:** After I spoke to the school board about ongoing issues, I was subjected to mockery by coworkers and administration. Students who supported me were also targeted, creating a retaliatory environment that further isolated me.

16. **Forced Meeting Without Union Representation:** After declining a meeting with the principal, I was coerced into attending a meeting without my union representative, where I was removed as head coach and given a falsified evaluation. This meeting was clearly retaliatory and intended to intimidate me.

17. **Unfair Technology Confiscation:** Unlike other teachers who were allowed to keep their district-issued technology over the summer, I was ordered to return mine, even though it was not assigned to the principal's campus. This discriminatory action was intended to disrupt my professional work.

18. **False Accusations:** I was falsely accused of not administering a final exam, despite having done so. This baseless accusation was part of a broader pattern of harassment and retaliation. This was an intentional effort to sabotage my career.

19. **Student Schedule Sabotage:** The CTE department lead changed my students' high school schedules without my knowledge, causing disruption to their academic plans. Despite reporting this sabotage, no action was taken against the responsible teacher.

20. **Tampering with a Police Report**: The principal attempted to convince campus police officer to alter a police report after a student slapped my hand during STAAR testing. He wanted the report to include that I failed to follow procedures in an attempt to discipline and terminate me. This was an intentional effort to sabotage my career.

21. **Isolation:** I was also excluded from school celebrations organized by the "Fun Committee," which was responsible for campus events. Despite my requests to include Hanukkah alongside Christmas in the holiday celebrations, my Jewish heritage was consistently overlooked. This exclusion not only prevented me from participating in these events but also contributed to a sense of isolation and discriminatory behavior on campus. I was repeatedly overlooked in planning and participating in campus activities, which further isolated me and perpetuated a hostile work environment.

**Conclusion:**

The actions described have created a hostile and unsafe environment for both me and my students. Despite numerous reports and grievances, the administration and school district failed to take meaningful action to address or remedy the situation. The discrimination and retaliation experienced have severely impacted my professional and personal well-being, and the union's failure to support me further exacerbates this issue.

Given the severity of these ongoing issues and the lack of response from the district, I have been forced to consider legal action. I have not been successful in securing representation thus far and representing myself pro se to protect my rights and my filing date. I am hopeful that you will consider taking on my case. Enclosed, you will find a copy of my Right-to-Sue letter, my initial charge, and an update to my charge currently on record with the EEOC. I have also included the Civil Cover letter form JS 44 and I would greatly appreciate your prompt attention to this matter, as time is of the essence. I seek appropriate compensation for the damages incurred due to the actions and inactions of the involved parties.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Shaun Lee Babineaux

**(b)** County of Residence of First Listed Plaintiff    Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se, Shaun Lee Babineaux
5105 North Loop East Houston, TX 77026

## DEFENDANTS

Please see attached

County of Residence of First Listed Defendant    Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

General Counsel - Aldine ISD
2520 W.W. Throne Blvd Houston, Texas, 77073

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| [x] 1 | U.S. Government Plaintiff | [ ] 3 | Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 | U.S. Government Defendant | [ ] 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane  [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product      Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability  [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander      Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'      Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability  [ ] 368 Asbestos Personal | | [ ] 835 Patent – Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine      Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product      Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle  [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle  [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability  [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal      Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury  [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury -      Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights  **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting  [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment  [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/      Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations  [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -  [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment  **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities -  [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other  [ ] 550 Civil Rights | Actions | | State Statutes |
| | [x] 448 Education  [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| [ ] 1 Original Proceeding | [x] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer | | [ ] 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title IX for gender discrimination and Title VII Employment discrimination - retaliation

Brief description of cause:
My employer took adverse actions against me for reporting harassments that was against me as a teacher and my students.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
see attached

CHECK YES only if demanded in complaint:
JURY DEMAND:    [ ] Yes    [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    8/16/2024

SIGNATURE OF ATTORNEY OF RECORD    *Shaun Lee Babineaux*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.